Judge Franklin D. Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA, )   NO. CR01-5572FDB
                         )
            Plaintiff,   )   MOTION FOR ORDER RESTRAINING
                         )   MORTGAGEE FROM FORECLOSING
        v.               )   UPON FORFEITABLE PROPERTY
                         )
BENJAMIN J. GERVAIS      )   (1215 South Fife, Tacoma, WA)
                         )
            Defendant.   )   NOTE ON MOTION CALENDAR:
                         )   February 27, 2004
_____)

The United States of America, by its attorney, John McKay, United States

Attorney for the Western District of Washington, and Richard E. Cohen, Assistant United

States Attorney, hereby moves that this Court issue a Restraining Order, in the form

submitted with this motion, pursuant to Title 21, United States Code, Section

853(e)(1)(A), restraining trustee Professional Foreclosure Corporation of Washington and

beneficiary Washington Mutual Bank and any successor corporations from proceeding

with a scheduled trustee's foreclosure auction sale of the forfeitable real property located

at 1215 South Fife, Tacoma, Washington (hereafter the "real property"). (Legal

description is attached as Exhibit A.) The reasons for this motion are set forth below.

MOTION FOR RESTRAINING ORDER - 1
CR01-5572FDB\ Benjamin J. Gervais

1   Title 21, United States Code, Section 853(e) provides that upon application by the

2   United States the Court may enter a protective order, specifically a restraining order or

3   injunction, or take any other action to preserve the availability of property that is the

4   subject of a criminal forfeiture allegation under the statute, upon the filing of an

5   indictment alleging that the property with respect to which the order is sought would, in

6   the event of conviction, be subject to forfeiture.

7                                        BACKGROUND

8   Beginning at a time unknown, but within the last five years, Benjamin J. Gervais

9   entered into an agreement with Kevin Merrell, Douglas Musolf, Kirt Baldwin, James

10  Hayes, Richard Day, and others to distribute marijuana in Western District of Washington

11  and elsewhere.

12  An Indictment was returned on September 27, 2001.  A Superseding Indictment

13  was returned on October 10, 2001.  Benjamin J. Gervais ("Gervais") was arrested on

14  October 4, 2001.  The real property located at 1215 South Fife, Tacoma, Washington, was

15  identified in the forfeiture allegation of the Superseding Indictment as property to be

16  forfeited to the United States.

17  On November 5, 2001, a Lis Pendens was recorded against the real property.  (See

18  attached as Exhibit 1.)

19  On August 2, 2002, Benjamin J. Gervais plead guilty to conspiracy to manufacture

20  and distribute marijuana.  In the plea agreement, Gervais agreed to forfeit to the United

21  States all of his right, title and interest in the real property located at 1215 South Fife,

22  Tacoma, Washington.

23  On February 23, 2003, a Preliminary Order of Forfeiture was entered forfeiting

24  Gervais' interest in the real property located at 1215 South Fife, Tacoma, Washington

25  pursuant to Title 21, United States Code, Section 853.  (See attached Preliminary Order

26  of Forfeiture, Exhibit 2.)

27  MOTION FOR RESTRAINING ORDER - 2
    CR01-5572FDB\ Benjamin J. Gervais

28

1    On December 4, 2003, a Notice of Trustee's Sale was received setting the trustee's

2  sale date for March 5, 2004.   (See copy of the Notice of Trustee's Sale attached as

3  Exhibit 3).

4    On February 10, 2004, a certified letter (return receipt requested) was sent to the

5  mortgagee of the real property Washington Mutual (Seattle, WA) and trustee Professional

6  Foreclosure Corporation of Washington (Vancouver, WA), enclosing a copy of the

7  Notice of Publication and detailing the procedure by which a third party petition is to be

8  filed pursuant to Title 21, United States Code, Section 853(n).  The letter was received

9  February 11, 2004 by Washington Mutual as indicated on the return receipt.  Professional

10  Foreclosure Corporation's return receipt has no date, however, the United States

11  Attorney's date stamp indicates the receipt was returned dated February 17, 2004.  The

12  receipt for an additional letter sent to Professional Foreclosure Corporation of

13  Washington (San Diego, CA) has not been returned yet.

14    On February 18, 2004, contact was made with a representative of Washington

15  Mutual Bank.  The government indicated that it would honor Washington Mutual's claim

16  to the property.  Any negotiations regarding the exact pay off will be made between

17  Washington Mutual and the government.  Based upon the agreed upon pay off, those

18  funds will be turned over to Washington Mutual after the sale of the real property from

19  the proceeds of the sale.  Washington Mutual is in the process of preparing loan pay off

20  documentation for the government.  Therefore, claimant will not be harmed by this

21  injunctive order.

22                                   ARGUMENT

23  I.      The Foreclosure Action is Barred by Title 21, United States Code, Section 853(k).

24    Title 21, United States Code, Section 853(k), specifically bars Washington Mutual

25  Bank and other third party claimants to the forfeitable assets from, among other things,

26  commencing any action against the United States with respect to the forfeitable assets

27  MOTION FOR RESTRAINING ORDER - 3
    CR01-5572FDB\ Benjamin J. Gervais

28

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  except by filing a petition claiming an interest in the assets in the ancillary forfeiture

2  proceeding, to be held after the defendant has been convicted and a forfeiture order has

3  been entered by this Court:

4         Except as provided in subsection (n) of this section [i.e., the
ancillary notice and hearing provision], no party claiming an

5         interest in property subject to forfeiture under this section
may –

6         (1) intervene in a trial or appeal of a criminal case involving
the forfeiture of such property under this section; or

7         (2) commence an action at law or equity against the United
States concerning the validity of his alleged interest in the

8         property subsequent to the filing of an indictment or
information alleging that the property is subject to forfeiture

9         under this section.

10  Title 21, United States Code, Section 853(k) (emphasis added).

11         Thus, Congress has established the exclusive procedure for adjudicating third party

12  interests in forfeited property, which is set forth in Title 21, United States Code, Section

13  853(n). A third party must follow that procedure, and may not either intervene in this

14  criminal case or commence an action outside of this criminal proceeding against the

15  United States concerning the validity of any alleged interest in the forfeited property,

16  which cannot be litigated until after entry of a forfeiture order by this Court upon

17  defendant's conviction. Title 21, United States Code, Section 853(k); see United States v.

18  Gilbert, 244 F.3d 888, 909-10 (11th Cir. 2001) (under the applicable rules, third party had

19  to wait until entry of final order of forfeiture to avail itself of "exclusive" means for

20  asserting rights to forfeited property); United States v. Messino, 122 F.3d 427, 428 (7th

21  Cr. 1997) (third party petitioner must await entry of preliminary order of forfeiture);

22  United States v. McCorkle, 143 F.Supp.2d 1311, 1318-19 (M.D. Fla. 2001) (third party

23  petitioner must follow statutory procedure, and may not commence separate action

24  against United States). As the First Circuit Court of Appeals described it, subsection

25  853(n) is a "wait-and-see provision," requiring persons asserting legal interests in

26  forfeitable assets, for most purposes, to wait for adjudication of their interests in the

27  MOTION FOR RESTRAINING ORDER - 4
  CR01-5572FDB\ Benjamin J. Gervais

28

1  ancillary forfeiture proceedings held "[f]ollowing the entry of an order of forfeiture."

2  United States v. Real Property in Waterboro, 64 F.3d 752, 755 (1st Cir. 1995) (emphasis

3  in original) (permitting limited participation by third parties only in pre-trial restraining

4  order proceedings).

5       Title 21, United States Code, Section 853(c), provides that all of a defendant's

6  right, title, and interest in the real property vests in the United States upon commission of

7  the acts giving rise to forfeiture.  In this case, such acts first occurred in about September,

8  2001 when the property was found to be the location of a marijuana grow.

9       Under Sections 853(c)(k), and (n), a foreclosure against the United States' interest

10  in the real property is a premature action against the United States, outside the confines of

11  the exclusive ancillary process provided by Section 853, and therefore barred.  See United

12  States v. Phillips, 185 F.3d 183, 185-88 (4th Cir. 1999) (Foreclosure sale barred by

13  Section 853(k) and therefore invalid; such actions constitute premature suits against

14  United States; all third party claims subject to criminal forfeiture asserted after the

15  initiation of forfeiture proceedings must be resolved within the framework established by

16  Section 853(n), citing United States v. Security Marine Credit Corp., infra); Roberts v.

17  United States, 141 F.3d 1468, 1469-71 (11th Cir. 1998) (collateral civil action against

18  United States barred by §853(k) and properly dismissed; United States v. Security

19  Marine Credit Corp., 767 F.Supp. 260, 262-64 (S.D. Fla. 1991) (foreclosure action

20  commenced after grand jury had returned criminal forfeiture indictment was barred by

21  Section 853(k) despite fact that United States was not named as a defendant); Bank One,

22  N.A. v. Everly, 2002 WL 31056716 (N.D. Ill. 2002) (granting motion to dismiss

23  foreclosure action under Section 853(k) after government had removed case to federal

24  court).

25  //

26  //

27  MOTION FOR RESTRAINING ORDER - 5
    CR01-5572FDB\ Benjamin J. Gervais

28

II.   **This Court Has Statutory Authority to Enjoin the Mortgagee.**

Title 21, United States Code, Section 853(e)(1)(A) provides that this Court has the authority, upon application of the United States, to

> enter a restraining order or injunction, require the execution of
> a satisfactory performance bond, or take any other action to
> preserve the availability of the property [identified as
> forfeitable in the indictment]--
> (A) upon the filing of an indictment. . . alleging that the
> property with respect to which the order is sought would, in
> the event of conviction, be subject to forfeiture. . .

As explained more fully below, enjoining the trustee and the deed of trust beneficiary from going forward with the contemplated foreclosure sale is necessary to preserve the defendant's forfeitable equity in the real property for forfeiture to the United States, even though the government acknowledges that Washington Mutual Bank's mortgage interest is valid.  See, In re Newport Savings and Loan Association, 928 F.2d 472, 479-80 (1st Cir. 1991) (district court properly prohibited foreclosure upon property in civil forfeiture case, where mortgagee had failed to protect government's interest by posting bond equal to difference between property's fair market value and amount of bank's claim.)[1]

III.   A Restraining Order is Required to Protect the United States from Irreparable
       Harm, and Will Not Cause Substantial Harm to the Bank/Mortgagee.

Following the entry of a preliminary order of forfeiture by this Court after defendant's conviction, the government published notice of the forfeiture pursuant to Title 21, United States Code, Section 853(n) and also sent notice directly to all parties, including Washington Mutual Bank, known to assert an interest in the real property. Washington Mutual Bank has a full opportunity to petition the Court to adjudicate its mortgage interest.  Assuming the parties enter into a stipulation to recognize Washington

---

[1]  The United States does not intend, in the ancillary proceeding, to challenge the validity of Washington Mutual Bank's interest in the property.

MOTION FOR RESTRAINING ORDER - 6
CR01-5572FDB\ Benjamin J. Gervais

1   Mutual Bank's claim, the deed of trust beneficiary will be paid out of the proceeds of sale

2   of the real property.

3       There is more than a technical difference between the foreclosure auction that

4   Washington Mutual Bank is now seeking to conduct and a sale pursuant to an order of

5   forfeiture. At a foreclosure auction, Washington Mutual Bank will have no incentive to

6   pursue a sale price even one dollar higher than its current mortgage balance. Under the

7   distress sale conditions associated with foreclosure auctions, Washington Mutual Bank

8   might settle for even less than its mortgage balance.

9       Such an auction, therefore, would carry a substantial risk of destroying the net

10  equity value of the real property, leaving the government with nothing to forfeit. The

11  harm caused by such an outcome is likely to be irremediable.

12      By contrast, if the government sells the real property pursuant to a Final Order of

13  Forfeiture, it will have a strong incentive to market the property in order to obtain the

14  highest possible purchase price to generate forfeitable net proceeds after satisfaction of

15  any valid liens. Only by doing so can the government hope to realize forfeitable proceeds

16  from the sale.

17      Such marketing will not harm Washington Mutual Bank. To the contrary, it will

18  increase the likelihood that, at a minimum, the sale of the property will likely generate

19  enough proceeds to pay Washington Mutual Bank in full. As noted above, what

20  Washington Mutual Bank cannot do is avoid litigating the priority issue in the ancillary

21  proceeding in this Court, by extinguishing the government's interest through a trustee's

22  sale.

                                CONCLUSION

23

24      Enjoining Washington Mutual Bank from going forward with the scheduled

25  foreclosure sale will simply require Washington Mutual Bank to comply with federal

26  forfeiture laws. The requested order will prevent potentially irremediable harm to the

27  MOTION FOR RESTRAINING ORDER - 7
    CR01-5572FDB\ Benjamin J. Gervais

28

government and allow for balanced interest in the real property. Accordingly, pursuant to Title 21, United States Code, Section 853(e)(1)(A), the government respectfully submits that this Court should enjoin the trustee Professional Foreclosure Corporation of Washington and the beneficiary Washington Mutual Bank and any successor corporations from proceeding with the scheduled foreclosure sale.

WHEREFORE, the government requests that the Court enter a Protective Order in the form submitted with this motion.

DATED this _19th_ day of _February_____, 2004.

Respectfully submitted,

JOHN McKAY
United States Attorney

RICHARD E. COHEN
Assistant United States Attorney
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
206-553-2242
206-553-6934 (fax)
Richard.E.Cohen@usdoj.gov

MOTION FOR RESTRAINING ORDER - 8
CR01-5572FDB\ Benjamin J. Gervais

LEGAL DESCRIPTION

The North 40 feet of the South 80 feet of Lots 5, 6, and 7 in Block 3 of BETHELL'S FIRST ADDITION TO TACOMA, W.T., as per plat recorded in Volume 4 of Plats, page 53, Records of Pierce County Auditor; situate in the City of Tacoma, County of Pierce, State of Washington

Parcel No. 249500-014-0

COMMONLY KNOWN AS: 1215 South Fife, Tacoma, Washington

Exhibit A

MOTION FOR RESTRAINING ORDER - 9

CR01-5572FDB\ Benjamin J. Gervais

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

EXHIBIT 1

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form

| PLAINTIFF UNITED STATES OF AMERICA | COURT CASE NUMBER CR01-5572FDB |
|---|---|
| DEFENDANT KEVIN MERRELL, et al | TYPE OF PROCESS RECORD LIS PENDENS |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
PIERCE COUNTY RECORDER'S OFFICE

ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code)

NOV 28 2001

NOV 26 2001  KN

ENTERED
LODGED
RECEIVED

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW

RICHARD E. COHEN
Assistant United States Attorney
Office of the United States Attorney
601 Union Street, Suite 5100
Seattle, Washington 98101-3903

| | |
|---|---|
| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All
Telephone Numbers, and Estimated Times Available For Service)

PLEASE RECORD THE LIS PENDENS FOR THE REAL PROPERTY LOCATED AT 1215 S. FIFE, TACOMA,
WASHINGTON, WITH THE PIERCE COUNTY RECORDER'S OFFICE

THANK YOU
CATS#

| Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER (206) 553-2242 | DATE October 31, 2001 |
|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process No. | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described
on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (If not shown above)
Geri Powers (Recording Dept)

☐ A person of suitable age and discretion then
residing in the defendant's usual place of abode

Address (complete only if different than shown above)
2401 South 35th ST  Room 200
Tacoma, WA   98409

| Date of Service 11/5/01 | Time 1:20 pm |
|---|---|

Signature of U.S. Marshal or Deputy
TFO DEA

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS

K OF THE COURT

FORM USM 285 (Rev. 12/15/80)

CR 01-05572 #00000121



Judge Burgess

FILED          ENTERED
LODGED          RECEIVED

OCT 29 2001   PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY   WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,       )
                                )   NO   CR01-5572B
              Plaintiff,         )
                                )
        v                       )
                                )   LIS PENDENS
KEVIN MERRELL,                   )
DOUGLAS MUSOLF,                  )   [REAL PROPERTY LOCATED
   a/k/a SCOTT B  DONOVAN,       )   AT 1215 S  FIFE, TACOMA,
DAVID ZAHNOW,                    )   WASHINGTON]
SAMUEL NYSTROM,                  )
STEVEN LOVROVICH,                )
BENJAMIN GERVAIS,                )
KIRT BALDWIN,                    )
JAMES  HAYES,                    )
RICHARD DAY,                     )
CHAD POE, and                    )
STEVEN HARRELL,                  )
                                )
              Defendants         )
                                )
(Title vested in the Benjamin J  )
Gervais, Jr , as his separate estate)  )
_____ )

NOTICE IS HEREBY GIVEN that the United States of America has brought an action

in the United States District Court for the Western District of Washington, United States v

Kevin Merrell, et al, CR01-5572B, seeking to forfeit the real property located at 1215 S  Fife,

Tacoma, Washington, together with its buildings, improvements, appurtenances, fixtures,

attachments and easements, more particularly described in the attached Exhibit A

\\

\\

TED AT

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle  Washington 98101-3903
(206) 553-7970

72

CR 01 05572 #00000072

1    The above-described real property is subject to seizure and forfeiture to the United

2    States pursuant to Title 21, United States Code, Section 853, for violations of Title 21, United

3    States Code, Sections 841(a)(1), 841(b)(1)(B), and 846

4    DATED this _26th_ day of _October_____, 2001

5                                    Respectfully submitted,

6                                    FRANCIS J  DISKIN
                                     United States Attorney

7

8

9                                    RICHARD E  COHEN
                                     Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIS PENDENS FOR THE REAL PROPERTY LOCATED AT
1215 S  FIFE, TACOMA, WASHINGTON - 2

Order No   10001695

# EXHIBIT A

*LEGAL DESCRIPTION*

THE NORTH 40 FEET OF THE SOUTH 80 FEET OF LOTS 5, 6 AND 7 IN BLOCK 3 OF
BETHELL'S FIRST ADDITION TO TACOMA, W.T., AS PER PLAT RECORDED IN VOLUME 4
OF PLATS, PAGE 53, RECORDS OF PIERCE COUNTY AUDITOR;

SITUATE IN THE CITY OF TACOMA, COUNTY OF PIERCE, STATE OF WASHINGTON.

REAL PROPERTY LOCATED AT
1215 S. FIFE
TACOMA, WASHINGTON

EXHIBIT 2

CR 01 05572 #00000445

Judge Franklin D. Burgess

ENTERED
ON DOCKET

FEB 2 2003

BY DEPUTY

FILED
RECEIVED
LODGED

FEB 28 2003

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BENJAMIN J. GERVAIS, JR.,

Defendant.

NO.   CR01-5572FDB

PRELIMINARY ORDER
OF FORFEITURE

Pursuant to Rule 32.2, Federal Rules of Criminal Procedure and based upon the guilty plea of Benjamin J. Gervais, Jr., to the offense alleged in Count 8 of the Second Superseding Indictment, charging conspiracy to manufacture and distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846, it is hereby

ORDERED, ADJUDGED and DECREED that pursuant to Title 21, United States Code, Section 853, Benjamin J. Gervais Jr's interest in the following properties is hereby forfeited to the United States of America:

a.  The proceeds of the sale of real property located at 1432 South Adams, Tacoma, Pierce County, more particularly described as: Lots 15 and 16, Block 12, MCMILLANS ADDITION TO TACOMA, W.T., according to plat recorded in Book 2 of Plats at page 73, in Pierce County, Washington; situate in the City of Tacoma, County of Pierce, State of Washington. Pursuant to an Interlocutory Sale Stipulation with the United States, and Order of this Court, the defendant sold the real property located at 1432

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

445

South Adams, Tacoma, Pierce County.  The proceeds from said sale, which totaled $51,961.34, are currently being held by the United States Marshals Service;

b.  The real property located at 1215 South Fife, Tacoma, Pierce County, more particularly described as: The North 40 feet of the South 80 feet of Lots 5, 6, and 7 in Block 3 of BETHELL'S FIRST ADDITION TO TACOMA, W.T., as per plat recorded in Volume 4 of Plats, page 53, Records of Pierce County Auditor; situate in the City of Tacoma, County of Pierce, State of Washington;

c.  A 1998 Harley Davidson "Softail Custom" motorcycle, Washington license plate 585495, VIN#1HD1FRR19WY631986;

d.  $10,000.00 money judgment for any additional proceeds defendant obtained directly or indirectly as a result of the Conspiracy to Manufacture and Distribute Marijuana; and

e.  $20,000.00 in lieu of the forfeiture of a 1999 Harley Davidson "Softail Custom" motorcycle, Washington license plate 609046, VIN# 4K7581350XC005690.

IT IS FURTHER ORDERED that the United States Marshals Service shall seize the above-described properties identified above, and maintain the properties in its custody and control until further order of this Court.

IT IS FURTHER ORDERED that pursuant to Title 21, United States Code, Section 853, the United States shall publish notice of this Preliminary Order of Forfeiture and of the United States' intent to dispose of the properties in accordance with law.  The notice shall run for three (3) consecutive weeks in the Seattle Daily Journal of Commerce and/or any other appropriate newspaper of general circulation.  The notice shall state that any person, other than the defendant, having or claiming a legal interest in the above-described properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

The notice shall advise such interested persons that:  1) the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the above-described properties;  2) the petition shall be signed by the petitioner under penalty of perjury; and 3) the petition shall set forth the nature and extent of the petitioner's right,

PRELIMINARY ORDER OF FORFEITURE - 2
CR01-5572FDB

1  title or interest in the forfeited property.  The petition shall also set forth any additional

2  facts supporting the petitioner's claim and the relief sought.

3      The United States shall also, to the extent possible, provide direct written notice as

4  a substitute for published notice to any person known to have alleged an interest in the

5  above-described properties that are the subject of this Preliminary Order of Forfeiture.

6  Upon adjudication of any third-party claims, this Court will enter a Final Order of

7  Forfeiture pursuant to Title 21, United States Code, Section 853, in which all such claims

8  will be addressed.

9      IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(3), Federal Rules of

10  Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the

11  defendant at the time of sentencing and shall be made part of the sentence and included in

12  the judgement.  If no third party files a timely claim, this Order shall become the Final

13  Order of Forfeiture as provided by Rule 32.2(c)(2), Federal Rules of Criminal Procedure.

14      IT IS FURTHER ORDERED that after the disposition of any motion filed under

15  Rule 32.2(c)(1)(A), Federal Rules of Criminal Procedure and before a hearing on any

16  third party petition, discovery may be conducted in accordance with the Federal Rules of

17  Civil Procedure upon a showing that such discovery is necessary or desirable to resolve

18  factual issues.

19      IT IS FURTHER ORDERED that the United States shall have clear title to the

20  above-described properties listed above following the Court's disposition of all third

21  party interests, or, if none, following the expiration of the period provided in Title 21,

22  United States Code, Section 853(n) for the filing of third party petitions.

23      IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce this

24  Order, and to amend it as necessary, pursuant to Rule 32.2(e), Federal Rules of Criminal

25  Procedure.

26

27  PRELIMINARY ORDER OF FORFEITURE - 3
CR01-5572FDB

28

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1    The Clerk of the Court is directed to send a copy of this Preliminary Order of

2   Forfeiture to all counsel of record and fifteen (15) "raised sealed" certified copies to the

3   United States Marshals Service in Seattle, Washington.

4        DATED this ___ day of _____, 2003.

5

6                                        UNITED STATES DISTRICT JUDGE

7

8   Presented by:

9

10  _____
    RICHARD E. COHEN

11  Assistant United States Attorney

12

13  _____
    GREGORY A. GRUBER

14  Assistant United States Attorney

15

16  _____
    ALLEN RESSLER

17  Attorney for Defendant

18

19  _____
    BENJAMIN J. GERVAIS, JR.

20  Defendant

21

22

23

24

25

26

27  PRELIMINARY ORDER OF FORFEITURE - 4
    CR01-5572FDB

28

EXHIBIT 3

ORIGINAL



**AFTER RECORDING RETURN TO:**
Professional Foreclosure
Corporation of Washington
P.O. Box 85013
San Diego, CA  92186-5013

PFC: 03-71351

## NOTICE OF TRUSTEE'S SALE

PFC #:03-71351 Loan #:33795360 Title Order No.:2002267

### I.

NOTICE IS HEREBY GIVEN that the undersigned Trustee, Professional Foreclosure Corporation of Washington will on March 5, 2004, at the hour of 11:00 a.m. at the main entrance of the Pierce County Courthouse in the City of Tacoma, Pierce County Washington, State of Washington, sell at public auction to the highest and best bidder, payable at time of sale, the following described real property, situated in the County of Pierce, State of Washington, to-wit:

THE NORTH 40 FEET OF THE SOUTH 80 FEET OF LOTS 5,6 AND 7 IN BLOCK 3 OF BETHELL'S FIRST ADDITION TO TACOMA, W.T., AS PER PLAT RECORDED IN VOLUME 4 OF PLATS, PAGE 53, RECORDS OF PIERCE COUNTY AUDITOR; SITUATE IN THE COUNTY OF PIERCE, STATE OF WASHINGTON.
    Abbrev. Legal: LOTS 5,6,7, BLK 3, BETHELL'S 1ST ADD. VOL. 4, PG 53
      Tax Parcel No.: 249500-014-0
      Commonly known as: 1215 South Fife Street , Tacoma, WA 98405

which is the subject of that certain Deed of Trust dated January 1, 2000, recorded January 5, 2000, under Auditor's File No. 200001050740 , records of Pierce County, Washington, from BEN J. GERVAIS, AN UNMARRIED INDIVIDUAL as Grantor, to FIDELITY NATIONAL TITLE COMPANY, A WASHINGTON CORPORATION as Trustee, to secure an obligation in favor of WASHINGTON MUTUAL BANK as Beneficiary, the beneficial interest now held by FEDERAL NATIONAL MORTGAGE ASSOCIATION.

### II.

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by

reason of the Borrower's or Grantor's default on the obligation secured by the Deed of Trust.

III.

The Default(s) for which this foreclosure is made is/are as follows:

Failure to pay when due the following amounts which are now in arrears:

Monthly payments in the amount(s) of $675.22 from July 1, 2003 together with all fees, costs and or disbursements incurred or paid by the beneficiary and or trustee, their employees, agents or assigns.  The Trustee's fees and costs are estimated at $1,500.00 as of March 5, 2004.

IV.

The sum owing on the obligation secured by the Deed of Trust is: Principal Balance $63,367.83, together with interest in the note or other instrument secured from June 1, 2003, and such other costs and fees as are due under the Note or other instrument secured, and as are provided by statute.

V.

The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute.  The sale will be made without warranty express or implied regarding title, possession, or encumbrances on March 5, 2004.  The default(s) referred to in paragraph III, together with any subsequent payments, late charges, advances, costs and fees thereafter due, must be cured by February 23, 2004 (11 days before sale), to cause a discontinuance of the sale.  The sale will be discontinued and terminated if at any time on or before February 23, 2004 (11 days before the sale), the default(s) as set forth in paragraph III, together with any subsequent payments, late charges, advances, costs and fees thereafter due, is/are cured and the Trustee's fees and costs are paid.  The sale may be terminated any time after February 23, 2004 (11 days before the sale), and before the sale by the Borrower, Grantor, any Guarantor or the holder of any recorded junior lien or encumbrance paying the entire principal and interest secured by the Deed of Trust, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust.

VI.

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address:

BEN J. GERVAIS
1215 SOUTH FIFE STREET

TACOMA, WA  98405

BEN J. GERVAIS
4911 60TH AVE CT W.
UNIVERSITY PLACE, WA  98467-2634

REBECCA ANNE GERVAIS
4911 60TH AVE CT W.
UNIVERSITY PLACE, WA  98467-2634

BENJAMIN J. GERVAIS JR.
1215 SOUTH FIFE STREET
TACOMA, WA  98405

OCCUPANT
1215 SOUTH FIFE STREET
TACOMA, WA  98405

by both first class and certified mail on October 20, 2003 proof of
which is in the possession of the Trustee; and the Borrower and
Grantor were personally served on October 22, 2003 with said
written notice of default or the written notice of default was
posted in a conspicuous place on the real property described in
paragraph I above, and the Trustee has possession of proof of such
service or posting.

## VII.

The Trustee whose name and address are set forth above, and whose
telephone number is (800) 511-4229, will provide in writing to
anyone requesting it, a statement of all costs and fees due at any
time prior to the sale.

## VIII.

The effect of the sale will be to deprive the Grantor and all those
who hold by, through or under the Grantor of all their interest in
the above-described property.

## IX.

Anyone having an objection to the sale on any grounds whatsoever
will be afforded an opportunity to be heard as to those objections
if they bring a lawsuit to restrain the sale pursuant to RCW
61.24.130. Failure to bring such a lawsuit may result in a waiver
of any proper grounds for invalidating the Trustee's sale.

## X.

## NOTICE TO OCCUPANTS OR TENANTS

The purchaser at the trustee's sale is entitled to possession of
the property on the 20th day following the sale, as against the

grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants and tenants.  After the 20th day following the sale the purchaser has the right to evict occupants and tenants by summary proceedings under the unlawful detainer act, Chapter 59.12 RCW.

XI.

A list of the persons this Notice was sent to is attached hereto as exhibit "A".

XII.

FAIR DEBT COLLECTION PRACTICES ACT NOTICE: Professional Foreclosure Corporation of Washington is attempting to collect a debt and any information obtained will be used for that purpose. If a discharge has been obtained by any party through bankruptcy proceedings, this shall not be construed to be an attempt to collect the outstanding indebtedness or to hold you personally liable for the debt.

DATED this \_\_1\_\_ day of \_\_\_12\_\_\_, \_\_03\_\_

PROFESSIONAL FORECLOSURE CORPORATION OF WASHINGTON
PFC Number 03-71351

By: _____
NINA DANAHER
P.O. Box 85013
San Diego, CA  92186-5013
(800) 511-4229

ADDRESS FOR PERSONAL SERVICE
Professional Foreclosure Corporation of Washington
201 NE Park Plaza Drive, Suite 150
Vancouver, WA 98684

FNMA  1674186358


STATE OF CALIFORNIA )
                    ) SS.
COUNTY OF SAN DIEGO )

On this \_\_1\_\_ day of \_\_\_Dec.\_\_\_, \_\_2003\_\_, before me, the undersigned, a Notary Public in and for the State of California, duly commissioned and sworn, personally appeared NINA DANAHER known to be the ASSISTANT SECRETARY of the corporation that executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that she is authorized to execute the said instrument and that the seal affixed is the corporate seal of said corporation.

Witness my hand and office seal hereto affixed the day and year first above written.

_____
Notary Public in and for the State of California
My Commission Expires: 1-10-06

ROBERT C. BOURNE
COMM. # 1338573
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
COMM. EXP. JAN. 10, 2006

EXHIBIT "A"

BEN J. GERVAIS
1215 SOUTH FIFE STREET
TACOMA, WA  98405

BEN J. GERVAIS
4911 60TH AVE CT W.
UNIVERSITY PLACE, WA  98467-2634

REBECCA ANNE GERVAIS
4911 60TH AVE CT W.
UNIVERSITY PLACE, WA  98467-2634

BENJAMIN J. GERVAIS JR.
1215 SOUTH FIFE STREET
TACOMA, WA  98405


OCCUPANT
1215 SOUTH FIFE STREET
TACOMA, WA  98405

JOHN/JANE DOE GERVAIS
1215 SOUTH FIFE STREET
TACOMA, WA  98405


UNITED STATED OF AMERICA C/O RICHARD E. COHEN
ASST US ATTORNEY
601 UNION STREET #5100
SEATTLE, WA  98101-3903

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is employed at the office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers.

That on February 19, 2004, she served a copy of the Motion for Order Restraining Mortgagee from Foreclosing upon Forfeitable Property and Proposed Order Restraining Trustee and Deed of Trust Beneficiary from Foreclosing Upon Forfeitable Property on the person(s) hereinafter named by the methods specified to the following address(es):

Professional Foreclosure
Corporation of WA
201 NE Park Plaza Dr, Ste 150
Vancouver, WA  98684

(X) Via U.S. Mail, certified, postage prepaid
( ) Via Messenger service
(X) Via facsimile

Professional Foreclosure
Corporation of WA
P.O. Box 85013
San Diego, CA  92186-5013

(X) Via U.S. Mail, certified, postage prepaid
( ) Via Messenger service
(X) Via facsimile

Attorney for Washington Mutual
Bank

(X) Via U.S. Mail, certified, postage prepaid
( ) Via Messenger service
(X) Via facsimile

Washington Mutual Bank
Leah Bartoces
1201 Third Avenue
Seattle, Washington  98101

K. Ronaele Creel
CSC Supervisory Paralegal

MOTION FOR RESTRAINING ORDER - 10
CR01-5572FDB\ Benjamin J. Gervais